## RICHARD WEBB *v.* ISAAC N. KINCHLOE.

**Guardian and Ward—Ratification by Ward After Becoming of Age.**

Where a ward over twenty-one years old files exceptions to the final report of his guardian and while same is still pending, and after he is twenty-four years of age, he accepts from the guardian a sum of money, giving a receipt in full to such guardian and directs his exceptions to be dismissed, and such compromise is open and free from fraud, such ward thereby ratifies and confirms such report and is bound by it.

**Claim for Ward's Services.**

It is doubtful whether a statutory guardian is entitled to receive the wages earned by his ward from a third person, but where such wages are received and are not intended to be included in the guardian's settlement, the ward may recover such sums from his guardian, with interest from the time he arrives at twenty-one years of age.

APPEAL FROM HENRY CIRCUIT COURT.

April 5, 1877.

OPINION BY JUDGE LINDSAY:

The court below did not err in allowing the amended answer of April 10, 1876, to be filed, and it was therein averred that the receipt set up and relied on in the original answer was executed in

compromise of the claims of appellee against appellant springing out of appellant's guardianship. The receipt recites that Webb had settled his accounts and that exceptions to his settlement had been filed in the county court, and that the appellee accepted the sum of $548.87 in full satisfaction of appellant's guardianship, and on the same day, in fact as part of the same transaction, appellee in writing directed the county court to dismiss the exceptions so far as he was concerned.

All this took place nearly four years after the appellee had become twenty-one years of age and a considerable time after he had ceased to reside with his guardian.

According to the testimony of Smith, the appellee stated at the time when the papers were executed, that he had examined Webb's settlement, and was satisfied with it, and was willing to accept in full satisfaction of his claim the sum paid him, and that the exceptions had been filed to the settlement without authority from him. Smith is disinterested, and his statements show that appellee was fully apprised of the consequences of his acts, and the latter shows that he was at that time pretty well acquainted with the extent and character of his claim against his guardian. The circumstances in proof indicate fair dealing on the part of Webb, and we have no reason to suppose appellee was under his influence or control, on account of the relation of guardian and ward which had terminated several years before.

As to the claim appellee is asserting against Webb for the value of personal services performed whilst a minor, it is evident it was not embraced by the settlement with the county court, nor by the agreement evidenced by the receipt heretofore considered. It is a matter of doubt whether a mere statutory guardian is entitled to receive the wages of his ward from a third person, for whom he may labor, and consequently whether he can be held to account as guardian for money due by him to the ward for personal services. But, however this may be, as it is perfectly evident these wages were not intended to be inclosed in either settlement, and as the proof shows beyond doubt that the sum of four hundred fifty dollars, reported by the master as the value of services rendered by appellee in excess of his board, clothing and schooling, is reasonable and fair, he ought to have judgment for that sum with interest from the time he arrived at age.

But the receipt and order to the county court should be regarded

as a bar to the recovery of anything on account of all other matters now in controversy.

Judgment *reversed* and cause remanded for a judgment conformable to this opinion.

On the cross-appeal the judgment is *affirmed*.

*Wm. Carroll, for appellant.   Caldwell & Harwood, for appellee.*